# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HYANNIS AIR SERVICE, INC. d/b/a CAPE AIR

### DEFENDANTS
ALEXANDER SILVERMAN

**(b)** County of Residence of First Listed Plaintiff  HYANNIS, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MONTGOMERY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John M. Nolan III, Jackson Lewis P.C., 1601 Cherry St., Suite 1350, Philadelphia, PA 19102, (267) 319-7802

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Common Law Breach of Contract; 28 U.S.C. 1332

Brief description of cause:
Failure to repay promissory note, breach of employment contract, contractual obligation to pay attorneys' fees.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: May 6, 2022

SIGNATURE OF ATTORNEY OF RECORD
/S/ JOHN M. NOLAN III

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __660 Barnstable Road, Hyannis MA, 02601__

Address of Defendant: __1101 Hunt Seat Drive, Lower Gwynedd, PA 19002__

Place of Accident, Incident or Transaction: __Montgomery County, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/06/2022__    *(signature: John M. Nolan III)*    __317001__
                        Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [✔] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __John M. Nolan III__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __05/06/2022__    *(signature: John M. Nolan III)*    __317001__
                        Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HYANNIS AIR SERVICE, INC. d/b/a CAPE AIR,<br><br>PLAINTIFF,<br><br>v.<br><br>ALEXANDER SILVERMAN,<br><br>DEFENDANT. | CIVIL ACTION NO.: |

## COMPLAINT

Hyannis Air Service, Inc. d/b/a/ Cape Air ("Plaintiff"), files this Complaint against Alexander Silverman ("Defendant") for breach of contract, seeking specific performance, compensatory damages, general damages, consequential damages flowing from the breach, and/or an award of costs and attorneys' fees. In support, Plaintiff states as follows.

## PARTIES

1. Plaintiff Hyannis Air Service, Inc. d/b/a Cape Air is a Massachusetts corporation with its principal place of business located at 660 Barnstable Rd., Hyannis, Massachusetts, 02601.

2. Defendant Alexander Silverman is an adult individual residing at 1101 Hunt Seat Drive, Lower Gwynedd, PA 19002, in Montgomery County.

1

## JURISDICTION AND VENUE

3. The series of events giving rise to Plaintiff's cause of action occurred within this state and judicial district.

4. Defendant has breached and continues to actively breach his contract with Plaintiff while residing in this state and judicial district.

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. The amount in controversy exceeds the jurisdictional minimum.

7. The Applicant Promissory Note executed by Defendant obligates him "to pay to the order of [Plaintiff], the principal sum of Thirty Thousand Dollars ($30,000) ("Training Investment"). *See* Applicant Promissory Note attached hereto as Exhibit "A".

8. In addition, The Applicant Promissory Note executed by Defendant obligates him "to pay all collection costs, including reasonable attorneys' fees, in the event that [Defendant] fails to pay any amounts payable under this note." *See* Exhibit "A".

9. "[W]hen state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy." *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 163 n.2 (3d Cir. 2007); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir.1997) ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees.").

10. An award of attorneys' fees paid by the adverse party is permissible under Pennsylvania law if there is "a clear agreement by the parties or some other established condition." *Merlino v. Delaware County*, 728 A.2d 949, 950 (Pa. 1999).

11. If this matter proceeds through summary judgment and trial, it is assured that Plaintiff will seek attorneys' fees in excess of $45,001.00, per the express and agreed upon terms of The Applicant Promissory Note.

12. Therefore, the amount in controversy in this matter exceeds $75,000.00.

## STATEMENT OF FACTS

13. Plaintiff is an airline, providing chartered flights in light aircraft to domestic and international destinations through hubs in Boston, St. Louis, Billings (Montana), and San Juan.

14. Plaintiff employs pilots to pilot its aircraft.

15. In order to qualify as a Captain, a pilot must obtain the necessary training and experience to successfully obtain an Airline Transport Pilot ("ATP") certificate.

16. A pilot that obtains an ATP certificate is authorized by the Federal Aviation Administration to act as pilot in command of an airline's aircraft, including Plaintiff's aircraft.

17. With certain alterations for former military pilots or aviation students, ATP certification involves written and practical testing, as well as requiring 1,500 hours of flight time, inclusive of 500 hours of cross-country time, 100 hours of night flying, 50 hours in the class of aircraft for the rating, 75 hours of instrument time, and 250 hours of time as pilot in command.

18. Plaintiff assists some of its employees in achieving ATP certification, including hiring them as First Officers reporting to an ATP certified Chief Pilot, so that they accrue the necessary number of hours to apply for their own ATP certification.

19. This results in considerable costs to Plaintiff.

20. On or about February 8, 2021, Plaintiff hired Defendant to serve as a First Officer. *See* Offer Letter to Defendant attached hereto as Exhibit "B".

21. Defendant being hired as a First Officer was predicated on Defendant obtaining an ATP certification and therefore becoming qualified to act in the role of a Captain of Plaintiff's aircraft.

22. The letter offering Defendant employment states the following, in relevant part:

> We commit to providing you the necessary experience to successfully obtain your ATP certificate and qualify you as a Captain for Cape Air. In return, you agree to serve as a First Officer until obtaining your ATP and thereafter serve for a minimum of fifteen (15) months as a Captain with Cape Air. **You understand that if you resign (other than due to your own unforeseen serious illness or the unforeseen serious illness of death of an immediate family member which necessitates your separation as an employee of Cape Air) or are terminated with cause prior to completing fifteen (15) months of service as a Captain with Cape Air, you will be required to repay the reasonable costs and training investment in your training which, for the purposes of this agreement is acknowledged to be thirty thousand dollars ($30,000).**
> 
> *See* Exhibit "B". (emphasis in original)

23. Defendant signed the offer letter on January 21, 2021, next to a line stating, "I hereby accept your offer of employment:".

24. The offer letter states, "This letter and the attached promissory note set forth our agreement regarding your commitment to Cape Air which is a condition of this offer of employment."

25. The Applicant Promissory Note states, in relevant part:

> For value received, I Alexander Silverman (the "Undersigned"), if the Undersigned leaves the employ of Hyannis Air Service, Inc. d/b/a Cape Air (the "Holder"), resigns, or is terminated for cause by the Holder prior to completing fifteen (15) months of service as a captain with the Holder, the undersigned promises to pay to the

order of the Holder, the principal sum of Thirty Thousand Dollars ($30,000) ("Training Investment"). Said amount shall be due and payable in full no later than thirty (30) calendar days following the cessation of the Undersigned's employment, under the terms of the attached Offer Letter Agreement.

*See* Exhibit "A".

26. The Applicant Promissory Note also states, in relevant part: "The Undersigned further agrees to pay all collection costs, including reasonable attorneys' fees, in the event that the Undersigned fails to pay any amounts payable under this note."

27. The Applicant Promissory Note was signed by Defendant on January 22, 2021.

28. The Applicant Promissory Note is notarized. It was notarized in Pennsylvania.

29. Defendant resigned from his employment with Plaintiff on or about September 19, 2021, prior to completing fifteen (15) months of service with Defendant as a captain.

30. Despite being sent a demand for payment of the agreed upon amount of $30,000.00, Defendant has refused to repay Plaintiff.

## COUNT I
## BREACH OF CONTRACT

31. Plaintiff incorporates the Complaint's prior allegations herein by reference as though set forth in full.

32. Defendant agreed to repay $30,000.00 to Plaintiff in the event that Defendant resigned prior to completing fifteen (15) months of employment with Defendant in the role of Captain.

33. $30,000.00 is the agreed upon sum, reflecting Plaintiff's Training Investment to help Defendant meet the requirements for receiving an ATP certification.

34. Defendant resigned from his employment with Plaintiff prior to completing fifteen (15) months of employment with Plaintiff in the role of Captain.

35. Defendant has refused to repay Plaintiff, breaching the contractual agreement set forth in his signed offer letter and signed and notarized Applicant Promissory Note.

WHEREFORE, Plaintiff requests the following relief: (1) specific performance from Defendant, ordering him to comply with his obligation to repay $30,000.00 to Plaintiff; (3) actual monetary damages in the amount of $30,000.00 to be paid by Defendant to Plaintiff; (4) consequential damages flowing from Defendant's breach in the amount of $30,000.00; (5) consequential damages flowing from Defendant's breach in the amount of attorneys' fees expended by Plaintiff in seeking enforcement and/or remedy from the breach; (6) an award of contractually agreed upon attorneys' fees in this action, pursuant to the express language in the Applicant Promissory Note; (7) that Plaintiff be awarded such other relief as the Court, in its discretion, deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

/s/ *John M. Nolan III*
John M. Nolan III (PA #317001)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
J.Michael.Nolan@jacksonlewis.com

Dated: May 6, 2022

*Attorneys for Plaintiff*

# EXHIBIT "A"

## APPLICANT PROMISSORY NOTE

1. For value received, [ Alexander Silverman ] (the "Undersigned"), if the Undersigned leaves the employ of Hyannis Air Service, Inc. d/b/a Cape Air (the "Holder"), resigns, or is terminated for cause by the Holder prior to completing fifteen (15) months of service as a captain with the Holder, the undersigned promises to pay to the order of the Holder, the principal sum of Thirty Thousand Dollars ($30,000) ("Training Investment"). Said amount shall be due and payable in full no later than thirty (30) calendar days following the cessation of the Undersigned's employment, under the terms of the attached Offer Letter Agreement. The Undersigned shall send the payment to Cape Air, 660 Barnstable Rd. Hyannis, MA 02601, Attention: Chief Pilot.

2. This note shall, at the option of the Holder, become immediately due and payable in full, without notice or demand, upon the failure of the Undersigned to pay any amount when due and payable according to the terms set forth in Paragraph 1. The Undersigned expressly acknowledges that any failure to pay any amount due under this note will result in a confession of judgment in favor of the Holder without process. The Undersigned further agrees to pay all collection costs, including reasonable attorneys' fees, in the event that the Undersigned fails to pay any amounts payable under this note.

3. The Undersigned guarantees the payment of this note and waives presentment, demand for payment, notice of dishonor, and any and all other notices or demands in connection with the delivery, acceptance, performance, default, or enforcement of this note. The Undersigned consents to any extensions of time that may be granted or consented to by the Holder with respect to the time for payment of the sums due under this note. The Undersigned agrees, however, that any such extensions of time will not act as a waiver of the Holder's right to immediate payment and judgment in its favor as set forth in Paragraph 2.

4. This Promissory Note shall be governed by, and interpreted in accordance with, the laws of the State of Massachusetts, without regard to its conflict of laws provision. The Undersigned consents and stipulates to the personal jurisdiction of the state court of the State of Massachusetts, in any subsequent proceeding to enforce this Promissory Note.

5. The Undersigned hereby acknowledges that his/her signature below indicates his/her voluntary agreement to the terms of this note.

1/22/2021
Date

_____
Signature

Then personally appeared the above-named, [ Alexander Silverman ] and acknowledged the foregoing document to be his/her free act and deed, before me.

01/22/2021
Date
My Commission Expires: 01/20/2024

_____
Notary Public

4850-5078-0357, v. 1

Commonwealth of Pennsylvania - Notary Seal
Nicholas Michael Gensel, Notary Public
Montgomery County
My commission expires January 20, 2024
Commission number 1360640
Member, Pennsylvania Association of Notaries

# EXHIBIT "B"



Please Sign and Return Letter To:

Cameron Withrow, Director of Pilot
Industry Relations & Sourcing
Cameron.Withrow@capeair.com

January 21, 2021

Alexander Silverman
1101 Hunt Seat Dr.
Lower Gwynedd, PA 19002

Dear Alexander:

On behalf of Cape Air, I am very pleased to present our offer to you for full-time employment as First Officer. In this position you will report directly to Ryan Baker, Part 135 Chief Pilot. Your rate of pay will be $13.50 per hour, payable bi-weekly. Your expected ground school start date is February 8, 2021 (reporting in Hyannis, MA on February 15, 2021).

As previously discussed, your employment with Cape Air is pending HR clearance based on the results of a ten year criminal background check, pre-employment drug and alcohol testing, a Pilot Records Improvement Act (PRIA) background check and your execution of this employment offer, as well as the promissory note attached hereto. It is your responsibility to notify Cape Air of any changes in your training record and/or criminal record after the issuance of this offer of employment. Failure to do so may result in rescinding this offer of employment. You must also arrive for initial ground school with a current FAA issued first class medical certificate. Other than enforcement of your commitments as set forth herein and in the attached documents, once you are employed, the terms of your employment will be governed by the collective bargaining agreement, as agreed upon by Cape Air and the certified union representative for our pilots, the International Brotherhood of Teamsters.

We commit to providing you the necessary experience to successfully obtain your ATP certificate and qualify you as a Captain for Cape Air. In return, you agree to serve as a First Officer until obtaining your ATP and thereafter serve for a minimum of fifteen (15) months as a Captain with Cape Air. **You understand that if you resign (other than due to your own unforeseen serious illness or the unforeseen serious illness or death of an immediate family member which necessitates your separation as an employee of Cape Air) or are terminated with cause prior to completing fifteen (15) months of service as a Captain with Cape Air, you will be required to repay the reasonable costs and training investment in your training which, for the purposes of this agreement is acknowledged to be thirty thousand dollars ($30,000).**

You will not be required to repay training costs if Cape Air terminates your employment at any time prior to the completion of your fifteen (15) month commitment of service as a Captain due to furlough or reasons which would not constitute cause. Also, should you voluntarily terminate your relationship with the Company, or should you be terminated for cause, prior to completing fifteen (15) months of service as a Captain, you will not be eligible for rehire for any future positions in the Cape Air Flight Department. This ineligibility will be reflected in PRIA background checks. Should you decide to resign from the company after fulfilling your commitment, we expect the courtesy of a two-week notice to the Chief Pilot's Office.

This letter and the attached promissory note set forth our agreement regarding your commitment to Cape Air which is a condition of this offer of employment. Upon receiving your signed original copy, this letter will become part of your permanent employment record at Hyannis Air Service, Inc. You further acknowledge that you have not signed any agreements that would prevent you from being employed by Cape Air in the position offered.

If the terms of employment set forth herein and in the attached promissory note are agreeable to you, please sign where indicated below and return this original letter and promissory note to HR using the contact information on the top right. This offer is valid through Monday, January 25, 2021. Should you have any questions or comments regarding this offer of employment, please feel free to contact your recruiter.

Sincerely yours,

*Linda O. Markham*

Linda Markham
President and Chief Administrative Officer

I hereby accept your offer of employment: _____   1/21/2021
                                            Your Signature              Date

Date released from commitment: _____
                                To be completed internally

Page 1 of 1